PHILLIP A. TALBERT
United States Attorney
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:22-CR-00062-JLT-SKO |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER |
| v. | |
| HENRY COX, | TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |
| Defendant. | |

This case is set for a change of plea hearing on March 27, 2023. The defendant requests to vacate the change of plea hearing and set the case for a status conference on August 30, 2023.

This Court has issued a series of General Orders to address public health concerns related to COVID-19, to suspend jury trials in the Eastern District of California, including recently, General Order 628, and many related previous and subsequent general orders pertaining to the pandemic and procedures put in place to limit community spread.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

1  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
2  or in writing").

3  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
4  and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice
5  continuances are excludable only if "the judge granted such continuance on the basis of his findings that
6  the ends of justice served by taking such action outweigh the best interest of the public and the
7  defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless
8  "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the
9  ends of justice served by the granting of such continuance outweigh the best interests of the public and
10 the defendant in a speedy trial." *Id.*

11 The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code
12 T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
13 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
14 circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
15 following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court
16 recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*
17 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
18 September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a
19 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

20 In light of the societal context created by the foregoing, this Court should consider the following
21 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
22 justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date
23 for the status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any
24 pretrial continuance must be "specifically limited in time").

## STIPULATION

26 Plaintiff United States of America, by and through its counsel of record, and defendant, by and

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for a change of plea hearing on March 27, 2023.

2. By this stipulation, defendant now moves to vacate the change of plea hearing and set the case for a status conference on August 30, 2023, at 1:00 P.M. and to exclude time between March 27, 2023, and August 30, 2023, inclusive, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The discovery associated with this case is voluminous and includes tens of thousands of pages, including investigative reports, photographs and videos, as well as hundreds of hours of recorded telephone conversations pursuant to wiretap orders, many cellular phone extractions, and large amounts of cellular telephone precise location data and vehicle tracker data. All this discovery has been either produced directly to counsel and/or made available for inspection and copying.

   b) Counsel for defendant desires additional time to consult with their clients, conduct investigation, review the voluminous discovery, prepare for a possible trial, and explore a potential resolution of the case.

   c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 27, 2023 to August 30, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i), B(ii), and B(iv) [Local Code T4] because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself

within the time limits established by this section.  This stipulation also results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 22, 2023

PHILLIP A. TALBERT
United States Attorney

/s/ Justin J. Gilio
JUSTIN J. GILIO
Assistant United States Attorney

Dated:  March 22, 2023

/s/ Marc Days
Marc Days
Counsel for Defendant
Henry Cox

**ORDER**

IT IS SO ORDERED.

DATED:   3/22/2023

*Sheila K. Oberto*
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE